# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HOTEL RICHMOND CORPORATION AND OTHERS V. COMMON-
WEALTH.

March 16, 1916.

Absent, Keith, P.

1. TAXATION—*License Tax—Hotels—Statutes on Licenses Construed.*—
The prior law imposing a tax on hotels was repealed by the Byrd
law of 1908 (Acts 1908, p. 275). After that date and until the act
of 1914 (Acts 1914, p. 419) there was no statute in this State im-
posing a tax upon the business of conducting a hotel. Sections 94,
95 and 96 of the revenue law of 1902-3-4 (Acts 1902-3-4, pp. 203,
204) imposing a tax on houses of private entertainment were never
intended to authorize the imposition of a license tax upon hotels,
and they cannot be so extended merely because the section which
provided for taxing hotels had been repealed.

2. TAXATION — *License Tax — Illegal Assessment — Payment — Recovery
Back—Code, Sections 567, 568—Protest.*—The doctrine that a volun-
tary payment of money under a mistake of law lays no foundation
for an action to recover back the money so paid has no application
to a suit under sections 567 and 568 of the Code to recover back
money paid under an erroneous assessment of a license tax. The
statute in plain terms prescribes the conditions upon which the
erroneous assessment shall be refunded. Whether the payment of
the erroneous assessment be made voluntarily or involuntarily has,
under the terms of the statute, nothing to do with the right of
the citizen to the relief afforded thereby. A party who has com-
plied with all the requirements of the statute is entitled to have an
erroneous assessment of a license tax refunded.

Error to a judgment of the Hustings Court of the city of
Richmond on a motion to correct an erroneous assessment.
Judgment for the Commonwealth. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*R. E. Byrd,* for the plaintiffs in error.

*Jno. Garland Pollard, Attorney-General,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

Certain hotels in the city of Richmond instituted these proceedings under sections 567 and 568 of the Code, seeking relief from alleged erroneous assessments of license taxes imposed upon them, respectively, for the year 1913. Upon the hearing, the lower court held that the license tax in question had been erroneously assessed against each of the hotels, and entered an order directing the Commonwealth to refund the same. Upon a petition for rehearing filed by the Commonwealth, the court set aside its order directing the erroneous tax to be refunded and ordered the proceedings to be dismissed upon the ground that the amount of the license tax for the year 1913 had been voluntarily paid to the Commonwealth by each of the hotels, and, therefore, that the State could not be required to refund the same. To that order, by which the Hotel Richmond Corporation, Jefferson Realty Corporation, Lexington Hotel Company, Inc., and Murphy's Hotel, Inc., were aggrieved, this writ of error was awarded.

We are of opinion that the lower court correctly held that the license tax for the year 1913 imposed upon the appellants, respectively, had been erroneously assessed against each of them. Under the revenue law of 1902-3-4, known as the "Mann Law," Code, 1904, p. 2253, a hotel is defined as follows: "Any person who shall for compensation furnish lodging, diet and entertainment for travelers, sojourners, guests or boarders in his house and shall also sell by retail wine, spirituous or malt liquors or any mixture of them, shall be deemed to keep a hotel," etc. The license tax for conducting the hotel business, under this act, was graduated according to the population of the town or city in which the hotel was located, with an addition

thereto of one dollar for each room. This license tax gave not only the right to conduct the hotel business, but carried with it also the right to sell liquors, and the application for such license had to be made to the court. In 1908 the General Assembly enacted what is known as the "Byrd Liquor Law." The effect of this last-mentioned legislation was to repeal the "Mann Law" and substitute therefor the provisions of the "Byrd Law," which put hotels, so far as the sale of liquor was concerned, upon the same basis as saloons, and did not require a license tax for conducting the hotel business. This omission to require a separate license for conducting the hotel business was doubtless an inadvertence, for the General Assembly, at its last session (1914), recognized that there was no statute imposing a license tax on hotels, and passed such an act. Acts 1914, p. 419. The fact remains, however, that after the passage of the Byrd law in 1908 there was no statute in Virginia imposing a license tax upon the business of conducting a hotel until the act mentioned of 1914. After the passage of the Byrd law in 1908, the commissioner of the revenue for the city of Richmond proceeded to assess the hotels with a license tax, under the law taxing houses of private entertainment, sections 94, 95 and 96 of the revenue law of 1902-3-4. These sections were never intended to authorize the imposition of a license tax upon hotels, and they had never theretofore been taxed under them. The tax upon hotels was different from that upon houses of private entertainment, carrying with it not only the right to conduct the hotel business, but the right to sell liquor. The intent and meaning of these sections could not be changed and made to apply to hotels because the section which did provide for taxing hotels had been repealed. It is clear that there was no authority in law for the imposition of the license tax complained of, and that the assessment of the same was erroneous.

The remaining question is whether or not the plaintiffs in error can be defeated of their statutory right to have the tax erroneously assessed for the year 1913 refunded, upon the ground that its payment was voluntary.

It may be conceded that the payment of the tax in question was not made under such circumstances of compulsion as the law contemplates when it says that a tax involuntarily paid may be recovered. Nor do we question the well-settled doctrine that a voluntary payment of money, under a mistake of law, lays no foundation for an action to recover back the money so paid. This principle, however, has, in our opinion, no application to a proceeding, like the present, under a statute which expressly provides that, when certain conditions are complied with, the citizen shall be refunded a tax paid by him which was erroneously assessed against him.

Section 567 of the Code provides that any person assessed with a license tax, aggrieved thereby, may within one year after such assessment apply for relief to the court in which the commissioner qualified, etc. This section further provides that the attorney for the Commonwealth must defend the application, and the commissioner of the revenue be present and examined, which facts must be certified by the court. Section 568 provides the relief that is to be afforded when the erroneous assessment is established. It says that if the court be satisfied that the applicant is erroneously charged with a license tax, and that the erroneous assessment was not caused by the failure or refusal of the applicant to furnish the commissioner, on oath, with the necessary information, etc., the court may order the assessment to be corrected and the applicant exonerated from the payment of so much as is erroneously charged, if not already paid, and if paid that it be refunded to him. A copy of such order is directed to be certified to the auditor of public accounts and the State treasurer.

The legislature clearly recognized that justice obviously demanded that a tax illegally or erroneously exacted from the citizen, should be restored to him when application was made for such return within the prescribed time, and the safeguards thrown around the State were complied with. The statute in plain terms prescribes the conditions upon which the erroneous assessment shall be refunded, and it nowhere intimates that if

the applicant for relief has paid the tax voluntarily he cannot have the same refunded. Whether the payment of the erroneous tax be made voluntarily or involuntarily has, under the terms of the statute, nothing to do with the right of the citizen to the relief afforded thereby. The propriety and justice of this statute cannot be questioned, and the court, if it had the power, would be slow to add thereto a condition that would practically destroy the right intended to be secured to the citizen by the statute. The plaintiffs in error have complied with every requirement of the statute, and are, therefore, entitled to have the erroneous license tax paid by them for the year 1913 refunded.

The cases of *Va. Brewing Co.* v. *Commonwealth,* 113 Va. 145, 73 S. E. 454; *Phoebus* v. *Manhattan Club,* 105 Va. 144, 52 S. E. 839, 8 Ann. Cas. 667, and *Richmond* v. *Judah,* 5 Leigh (32 Va.) 331, have been cited in support of the contention that a tax voluntarily paid cannot be recovered back. These decisions are, in our opinion, not in conflict with the conclusion reached in the present case, where the erroneous tax which has been paid is restored to the aggrieved citizen by virtue of a plain statute, which provides that it shall be refunded.

The judgment complained of must be reversed, and this court will enter such order as the lower court should have entered in conformity with the views expressed in this opinion.

*Reversed.*