# CASES DECIDED

IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### Wytheville.

### BARROW AND OTHERS V. COUNTY OF PRINCE EDWARD.

June 14, 1917.

Absent, Burks, J.*

1. TAXATION—*Recovery of Taxes Voluntarily. Paid.*—At common law, taxes illegally assessed but voluntarily paid cannot be recovered.

2. PAYMENT—*Voluntary Payment.*—Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, as to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and cannot be recovered back. And the fact that the party at the time of making the payment, files a written protest, does not make the payment involuntary.

3. TAXATION—*Voluntary Payment of Taxes Illegally Assessed— Remedy—Bill in Equity Does Not Lie.*—The Virginia Statute, sections 567 to 571, of the Code of 1904, provides a simple, expeditious, and inexpensive remedy at law by motion, whereby taxes erroneously assessed and collected may be recovered within two years from the first day of September of the year in which the assessment is made, even though voluntarily paid. Therefore, a bill in equity does not lie in such a case.

Appeal from a decree of the Circuit Court of Prince Edward county. Decree for defendants. Complainants appeal.

*Affirmed.*

---

*Case submitted before Judge Burks took his seat.

The opinion states the case.

*E. Warren Wall,* for the appellants.

*A. D. Watkins, C. V. Meredith* and *Samuel A. Anderson,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The appellants being taxpayers in the town of Farmville, in Prince Edward county, on behalf of themselves and all other persons similarly situated, filed their bill in equity against the county of Prince Edward, its treasurer and board of supervisors, the object of which was to compel the repayment by such treasurer of road and poor taxes for the year 1913, and of the road tax for the year 1914, theretofore collected from taxpayers of the town of Farmville.

That a similar county road tax was illegally assessed for 1915 and could not be collected, has been this day decided by this court in the case of *Watkins* v. *Barrow,* 121 Va. post, 92 S. E. 908.

The question at issue in this cause is whether such taxes for 1913 and 1914, which have already been paid, can be recovered in this proceeding. This question must be answered in the negative for two reasons.

1. The taxes in question were voluntarily paid, and it is well settled at common law that such payments cannot be recovered.

In the case of *Lamborn* v. *Dickenson County,* 97 U. S. 181, 24 L. Ed. 926, the Supreme Court of the United States approves the following statement of the common law doctrine: "Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property,

such payment must be deemed voluntary, and cannot be recovered back. And the fact that the party at the time of making the payment, files a written protest, does not make the payment involuntary." *Phillips* v. *Jefferson Co.,* 5 Kansas 412.

This statement of the law is reiterated in *Union Pacific &c. R. Co.* v. *Commissioners,* 98 U. S. 541, 25 L. Ed. 197, and is approved in this State in the cases of *Mayor of Richmond* v. *Judah,* 5 Leigh (32 Va.) 305, and *Town of Phoebus* v. *Manhattan Social Club,* 105 Va. 144, 52 S. E. 839, 8 Ann. Cas. 667.

2. Each of the aggrieved taxpayers of the town of Farmville, however, had his remedy at law by motion under section 571 of the Code.

The Virginia statute, sections 567 to 571 (inclusive) of the Code, provides a simple, expeditious and inexpensive remedy at law by motion, whereby taxes erroneously assessed and collected may be recovered within two years from the first day of September of the year in which the assessment is made, even though voluntarily paid. *Hotel Richmond* v. *Commonwealth,* 118 Va. 607, 88 S. E. 173.

For these reasons, we are of opinion that the decree sustaining the demurrer to the bill is without error, and, therefore, it will be affirmed.

*Affirmed.*