# Richmond.

## CITY OF CLIFTON FORGE v. P. A. McDANIEL.

### November 12, 1925.

1. TAXATION—*Recovery of Taxes Erroneously or Illegally Assessed—Voluntary Payment—Protest—Section 2389 of the Code of 1919.*—In a proceeding under section 2389 to recover taxes paid under alleged erroneous assessment, it appeared that the taxes had been paid voluntarily and not under protest.

   *Held:* That whether the payment of the erroneous tax was made voluntarily or involuntarily has, under the terms of the statute, nothing to do with the right of the citizen to the relief afforded by the statute.

2. MUNICIPAL CORPORATIONS—*Taxation—Charter Limitations—Repeal of Charter—Case at Bar.*—Section 25 of the charter of Clifton Forge (Acts of 1918, page 372), providing that no tax upon property in the city should exceed two dollars and ten cents upon the one hundred dollars assessed value thereof, was not repealed by implication by the amendment of section 136 of the Constitution of 1902, ratified November 8, 1920, and Acts of 1920, chapter 398, repealing sections 740 and 2721 of the Code of 1919.

3. STATUTES—*Repeals by Implication not Favored.*—The repeal of a statute by implication is not favored by the courts. The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, the two statutes must be irreconcilable. If, by a fair and reasonable construction, they can be reconciled, both must stand.

Error to a judgment of the Corporation Court of the city of Staunton, in a proceeding to correct an erroneous assessment. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*O. B. Harvey*, for the plaintiff in error.

*J. M. Perry*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

On November 1, 1922, the appellee, a citizen and resident of, and a taxpayer in, the city of Clifton Forge, instituted these proceedings under the provisions · of section 2389 of the Code, as amended, seeking correction of an alleged erroneous assessment of taxes made by the appellant, and the refund of the taxes paid by him under the alleged erroneous assessment.

The judge of the circuit court being so situated that in his opinion it was not proper for him to sit in the case, it was certified to the Corporation Court of the city of Staunton for hearing and decision.

All matters of law and fact were submitted to the court upon the following agreed statement of facts:

"That the city of Clifton Forge, Virginia, by an ordinance of said city, duly and legally enacted and approved, laid the tax levy for the year 1921, as follows:

"$1.60 on each $100.00 assessed valuation of all real estate and tangible personal property for general purposes in the city of Clifton Forge, Va.

"$1.00 on each $100.00 assessed valuation on real estate and tangible personal property for school purposes in the city of Clifton Forge, Va.

"That the said P. A. McDaniel voluntarily and not under protest paid to the treasurer of the city of Clifton Forge, Virginia, the sum of $130.13, being the amount of city tax assessed against him by the city of Clifton Forge for the year 1921, upon an assessed

valuation of real estate of $4,575.00 and an assessed valuation of tangible personal property of $430.00. The trial court being of the opinion that the appellee was entitled to the relief prayed for, rendered the judgment here complained of.

[1] The first assignment of error is as follows: "That appellee cannot maintain a suit to recover taxes which have been paid voluntarily and not under protest."

Section 2389 of the Code provides, *inter alia:* "Any person assessed with county or city levies and other local taxes, on lands or other property, aggrieved by any such assessment, may, unless otherwise specially provided by law, within two years from the first day of September, of the year in which such assessment is made, apply for relief to the circuit court of the county, or corporation court of the city, wherein such assessment was made;    *    *    ."

In *Hotel Richmond* v. *Commonwealth*, 118 Va. 607, 88 S. E. 173, Judge Harrison, in construing section 567 of the Code of 1887, which is similar to section 2389, said: "The legislature clearly recognized that justice obviously demanded that a tax, illegally or erroneously exacted from the citizen, should be restored to him when application was made for such return within the prescribed time, and the safeguards thrown around the State were complied with. The statute in plain terms prescribes the conditions upon which the erroneous assessment shall be refunded, and it nowhere intimates that if the applicant for relief has paid the tax voluntarily he cannot have the same refunded. Whether the payment of the erroneous tax be made voluntarily or involuntarily has, under the terms of the statute, nothing to do with the right of the citizen to the relief afforded thereby. The propriety and justice of this statute cannot be questioned, and the court, if it had

the power, would be slow to add thereto a condition that would practically destroy the right intended to be secured to the citizen by the statute. The plaintiffs in error have complied with every requirement of the statute, and are, therefore, entitled to have the erroneous license tax paid by them for the year 1913 refunded."

In *Barrow and others* v. *Prince Edward County*, 121 Va. 1, 92 S. E. 910, Judge Prentis said: "The Virginia statute, sections 567 to 571 (inclusive) of the Code, provides a simple, expeditious and inexpensive remedy at law by motion, whereby taxes erroneously assessed and collected may be recovered within two years from the first day of September of the year in which the assessment is made, even though voluntarily made."

Sections 567 to 571 (inclusive), referred to *supra*, are, with slight modifications, sections 2385 to 2389 (inclusive) of the present Code, and, since this is a proceeding under the provisions of section 2389 of Code of 1919, the same construction will be placed upon this section as upon the sections cited, *supra*.

The appellee having proceeded in conformity with the statute, the assignment of error is without merit.

[2] The next assignment of error is that the court erred in holding the levy illegal, as to the excess over the charter limitation of $2.10.

Section 2907 of the Code empowers a city of the class of appellant to "levy and collect all taxes on property and all license taxes which are authorized by its charter, * * * provided, that such levy on property shall not exceed the limits fixed by its charter, and if its charter fixes no such limit, then not to exceed for city purposes two dollars on the one hundred dollars of value of such property, which shall include a levy for school purposes not exceeding fifty cents on the one hundred dollars."

Section 25 of the charter of appellant (Acts of Assembly 1918, pp. 372, 381) provides: "For the execution of its powers and duties the city council may raise taxes annually, by assessment in said city, on all subjects taxable by the State, such sums of money as they shall deem necessary to defray the expense of the city, * * * in such manner as they shall deem expedient, * * * provided, that no tax upon real and personal property in said city shall exceed two dollars and ten cents upon the one hundred dollars assessed value thereof, * *  ."

It is earnestly contended that the amendment of section 136 of the Constitution, ratified November 8, 1920, and the act of the General Assembly, approved March 20, 1920 (Acts 1920, c. 398), repealing sections 740 and 2721 of the Code, repealed by implication the provisions of the charter of appellant, *supra*, and extended the taxing power beyond the limit of two dollars and ten cents upon the one hundred dollars assessed value of property.

Section 136 of the Constitution, as amended in 1920, provides that "each county, city, town, if the same be a separate school district * * * is authorized to raise additional sums by a tax on property not to exceed in the aggregate in any one year a rate of levy to be fixed by law * * ."

The act of March 20, 1920 (Acts 1920, c. 398, Sec. 1), relied on, so far as it has any bearing on the question, is: "That each county, city, town, if the same be a separate school district, and school district is authorized and required to raise sums by a tax on property of not less than fifty cents nor more than one dollar in the aggregate on the one hundred dollars of the assessed value of property in any one year to be apportioned and expended by the local school authorities of

said counties, cities, towns and districts, in establishing and maintaining such schools as in their judgment the public welfare may require."

Under the provisions of this act, city councils may levy a tax on property of not less than fifty cents nor more than one dollar in the aggregate on the one hundred dollars of the assessed value of the property so taxed. So far as the taxing power of the appellant is concerned, unless restrained by its levies for other purposes, it might have laid a levy for school purposes ranging from fifty cents to one dollar upon the one hundred dollars of taxable values.

The charter of the appellant is a special act, applicable only to appellant. On the other hand, the act of 1920, relied on as repealing by implication the charter of the city, is a general act. The provisions of the charter limiting the appellant's power to levy a tax is an all-embracing provision and includes levies for school purposes as well as levies for all other local purposes.

The act of 1920 did not effect a change in the status of appellant so far as its taxing power was concerned. It was in precisely the same situation after the passage of the act as it was before the passage. It was confined within the limitation fixed by its charter.

While, as pointed out, the provision of the charter limiting the city's power to levy a tax was directed to levies for all purposes, it is to be observed that the provision of the act of 1920 is directed to school purposes alone, and places a limit upon levies for school purposes which is below the limitation contained in the charter of appellant.

In the contention of the appellant, that its charter provision, limiting its taxing power to two dollars and ten cents for all school and governmental purposes, has been repealed by the act of 1920, we cannot concur.

[3] In *Lambert* v. *Barrett*, 115 Va. 139, 78 S. E. 587, Judge Buchanan said: "It is well settled that the repeal of a statute by implication is not favored by the courts.    The presumption is always against the intention to repeal where express terms are not used. To justify the presumption of an intention to repeal one statute by another, the two statutes must be irreconcilable.    If, by a fair and reasonable construction, they can be reconciled, both must stand.    *Fulkerson* v. *Bristol*, 95 Va. 1, 5, 27 S. E. 815, and authorities cited."    See also, *Trehy* v. *Marye*, 100 Va.    40, 40 S. E. 126.

We are of opinion that the judgment complained of should be affirmed.

*Affirmed.*