## CIRCUIT COURT OF THE CITY OF RICHMOND

Babatunde O. Sosanya

v.

Oladipupo Fale

April 4, 1974

BY JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today overruling the plaintiff's motion to set aside the verdict in this case, which order enters judgment on the verdict in favor of the defendant.

The plaintiff argues that the court erred in Instruction 99 by failing to clearly inform the jury that falsity is presumed from the publication of defamatory statements. *Williams Printing Co.* v. *Saunders*, 113 Va. 146, 162 (1912). He argues that while the Jury was properly instructed that the burden was on the defendant to prove the substantial truth of the statements made, nevertheless the court has confused the jury by, in effect, stating that they could not find for the plaintiff unless they believed the statements were false. The objectionable language in the instruction is found in the first phrase thereof wherein the jury was told that "if you believe from a preponderance of the evidence that the defendant published the following statements *and if you further believe that any of these statements were false* . . . ."

The defendant agrees that the law in Virginia is that a defamatory statement which is actionable *per se* is presumed to be false. The defendant's position is that the instruction read as a whole is not misleading or a misstatement of the law and, further, that the plaintiff invited the error in the instruction and that he should not now be heard to complain thereof.

Motions for new trials are addressed to the sound discretion of the trial court, subject to review for error, and are based upon the ground that justice has not been done. Burks' Pleading and Practice (4th ed) sect. 324, p. 595. See Code § 8–224. In the exercise of such discretion in this case the court concludes that the motion should be overruled for

the reasons that the record shows the plaintiff invited the alleged error; it fails to show a timely objection made on the ground now urged; and, any error in the instruction is harmless because the "parties have had a fair trial on the merits and substantial justice has been reached." Code § 8–487(8).

### Invited Error and Late Objection

Instruction 99 was redrafted by the court and patterned after Instruction 9 which was tendered by the plaintiff and marked "refused" by the court, thereby becoming a part of the record herein.

No court reporter was available to take down the trial proceedings. Plaintiff's counsel states that he made the very objection during the argument on instructions which he is now asserting. Counsel for the defendant disagrees and has no such recollection. He points to Instruction 9 "refused" in the record which contains the very language now criticized.

Because no reporter was present, the court made detailed, although not verbatim, notes. The court's notes show that only one objection to the instructions was made and this dealt with an entirely different subject from that now under consideration.

As indicated to counsel during oral argument of the pending motion, the court cannot positively recall that the subject was not discussed during argument of the instructions. The court simply does not recall the detail of that discussion, except for what is written in the court's notes, as referred to above.

Under these circumstances, the court holds that the record fails to disclose that the plaintiff brought the present objection to the court's attention before the jury was instructed but it shows instead positively that the plaintiff invited the error now complained of by tendering Instruction 9 with the objectionable language therein. The record shows that the court was never given the opportunity to consider the specific objection now made and it, therefore, comes too late when made after verdict. *Zayre, Inc.* v. *Gowdy*, 207 Va. 47, 52 (1966). Cf. *Smith* v. *Insurance Company*, 202 Va. 758, 762 (1961), wherein instructions though not objected to were properly reconsidered upon a defendant's motion to set aside the verdict in a case wherein the motion involved the right of the plaintiff to *maintain* her action and the propriety of granting *any* instruction in her favor.

*Harmless Error*

In a case fairly tried to an impartial jury when the verdict is amply supported by the evidence, a verdict will not be set aside simply because of an erroneous instruction. *Burks* at p. 596; 10 M.J. *Instructions* § 49, p. 260.

This trial consumed one day with a jury. The evidence was fully developed by both sides in this bitter personal conflict between these two individuals. The parties and seven other witnesses testified. One witness came from New York to testify and another from Georgia. The jury deliberated for fifty minutes and found for the defendant. When considering the cost of another trial to the litigants and the jurors in terms of dollars and time, the fact that the verdict was fully supported by the evidence, and that the parties have had a fair trial on the merits with substantial justice having been reached, the proper exercise of discretion requires the error in this case to be treated as harmless.