Syllabus.

# Richmond.

## COMMONWEALTH OF VIRGINIA v. COLUMBIAN PAPER COMPANY.

### November 12, 1925.

1. TAXATION—*Erroneous Assessment—Order Correcting—Failure of Order to State that Commissioner was Examined and that Commonwealth's Attorney Defended—Case at Bar.*—The instant case was an application of a corporation for correction of tax assessments against it in Buena Vista, where its principal office was located, and where it was engaged in business, and in Bristol, where it had another plant. The application was made to the Corporation Court of Buena Vista. The corporation court entered an order reducing the assessments, and on appeal the Commonwealth contended that such order was void because it failed to recite that the commissioners of the revenue for the two cities were examined as witnesses and that the attorneys for the Commonwealth of the respective cities defended the application for relief, as required by section 2385 of the Code of 1919. Service of notice of the filing of the application was accepted by all the necessary parties and by consent of attorneys for all parties the cause was made a vacation cause, for the purpose of entering the proper order in the same, the principles involved having been theretofore determined by the court. No complaint was made by the representatives of either of the cities involved, the only plaintiff in error being the Commonwealth, which was ably represented in the lower court.

   *Held:* That if the omission complained of was error, it was error acquiesced in, if not consented to, by the Commonwealth, which therefore could not complain of it.

2. TAXATION—*Correction of Assessment—Following Statutory Requirements—Waiving Statutory Requirements.*—Under the common law a taxpayer had no right to apply for a correction of assessment against him. The remedy afforded is purely statutory. This being true, it is incumbent upon one seeking a statutory relief to proceed strictly according to the statute. But there is nothing in Section 2385 of the Code of 1919 which inhibits the statutory requirements being dispensed with by agreement of parties.

3. TAXATION—*Correction of Erroneous Assessment—Venue—Point Raised for First Time on Appeal—Corporation Doing Business in Two Cities—Case at Bar.*—The instant case was an application of a corporation

for correction of tax assessments against it in Buena Vista, where its principal office was located, and where it was engaged in business, and in Bristol, where it had another plant. The application was made to the Corporation Court of Buena Vista, and it was contended by the Commonwealth that the corporation court of that city did not have jurisdiction to correct the assessment made in regard to the property of the company located in Bristol. Under the provisions of section 2385 of the Code of 1919, it was the duty of the examiner of records for the circuit court in which the principal office of the company was located to make return of his assessment upon the property of the corporation for both cities to the commissioner of revenue of the city of Buena Vista. It was then the duty of the commissioner of revenue of Buena Vista to send copies of the assessment to the commissioner of revenue of the city of Bristol, who, upon receipt of the same, placed the property on the tax books of the city. To that extent he was the assessing officer contemplated by section 2385 of the Code of 1919. No complaint was made by the city of Bristol, and the question was raised for the first time by the Commonwealth on appeal. Upon petition by the Commonwealth to rehear, the prayer was that the case be reheard upon the merits.

*Held:* That, instead of submitting to the venue of the trial court, it was the duty of the Commonwealth to raise the question in that court. Not having done so, she was precluded from raising it for the first time on appeal.

4. TAXATION—*Tangible Personalty Assessed as Capital of a Corporation—Fair Market Value—Freight—Depreciation and Deterioration.*—Under the Constitution of Virginia, section 169, the tangible personal property of a corporation assessed as capital should be assessed at its fair market value as of February first of each year, and freight paid on the tangible property is not properly or legally a part of its actual value and should be excluded, and a fair deduction should be allowed for depreciation and deterioration on all of the property so assessed.

5. TAXATION—*Tangible Personal Property—Fair Market Value.*—The fair market value of property is the price it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it. The price which the property will bring in the ordinary course of trade is the normal test.

6. TAXATION—*Tangible Personal Property—Depreciation—Average.*—In a proceeding for correction of erroneous assessments upon a corporation, the deduction made for depreciation and deterioration of the tangible personal property assessed as capital of the corporation, based upon the only evidence introduced, was proper. While the trial court arrived at its conclusion by taking an average for each of the years involved, and basing its assessment thereupon, under all the circumstances of the case, this was harmless error.

Error to a judgment of the Corporation Court of the city of Buena Vista, on a motion to correct an erroneous assessment. Judgment for plaintiff. Commonwealth assigns error.

*Affirmed.*

The opinion states the case.

*E. Warren Wall* and *John R. Saunders, Attorney General,* for the Commonwealth.

*Hugh A. White,* for the defendant in error.

Campbell, J., delivered the opinion of the court.

The Commonwealth of Virginia complains of an order of the trial court, granting the prayer of the petition of the defendant in error for relief from alleged erroneous assessments made against it for the years 1920, 1921, 1922 and 1923.

The defendant in error, hereinafter called company, is a Virginia corporation, with its principal office located in the city of Buena Vista, and is engaged in the manufacture of paper, operating two plants, one in Buena Vista, and the other in Bristol, Virginia.

The materials used in the manufacture of paper consist of pulp wood of various kinds, potash, lime and other chemicals.

For the years complained of, the company was assessed on capital employed in its business in Buena Vista and Bristol as follows:

1920

Capital reported and assessed at Buena Vista...$ 46,707.50

Capital reported and assessed at Bristol...... 46,707.50

Total...................................$ 93,415.00

1921

Capital reported and assessed at Buena Vista $ 45,125.00
Capital reported and assessed at Bristol_____ 45,125.00

        Total_____ $ 90,250.00

1922

Capital reported and assessed at Buena Vista $ 66,935.00
Capital reported and assessed at Bristol_____ 66,935.00

        Total_____$133,870.00

1923

Capital reported and assessed at Buena Vista $ 60,887.50
Capital reported and assessed at Bristol_____ 60,887.50

        Total_____$121,775.00

In the year 1923, the examiner of records for the circuit in which the principal office of the company was located, being of opinion that the company had been assessed at less than the law required for the years 1920 to 1923, inclusive, made an additional assessment and reported to the commissioners of the revenue of Buena Vista and Bristol the following amounts, for assessment as capital, in addition to the amount previously given in by the company:

1920

Additional assessment at Buena Vista_____$ 62,900.00
Additional assessment at Bristol_____ 58,500.00

        Total_____$121,400.00

1921

Additional assessment at Buena Vista_____$ 99,000.00
Additional assessment at Bristol_____ 121,000.00

        Total_____$230,000.00

1922

Additional assessment at Buena Vista_____$ 57,000.00

Additional assessment at Bristol_____ 216,000.00

TOTAL_____$273,000.00

1923

Additional assessment at Buena Vista_____$ 40,400.00

Additional assessment at Bristol_____ 129,500.00

TOTAL_____$169,900.00

After proper notice to the parties interested, as required by statute, the company made application to the court to have this additional assessment corrected. The court being of the opinion that the only question involved in the case was the valuation of the inventory of the company, and after hearing evidence on this question, entered an order reducing the additional assessment made by the examiner of records.

On the 8th day of April, 1924, the Auditor of Public Accounts filed a petition for a rehearing of the cause, as provided by statute. Upon the rehearing, the court adhered to its former decision and entered the following order:

"This cause having been heretofore heard and submitted to the court for its judgment, and the court having taken time to consider of its judgment upon the evidence introduced at the hearing, finally entered its judgment in vacation on the 24th day of December, 1923, which said judgment was duly entered upon the law order book according to law.

"And C. Lee Moore, Auditor of Public Accounts of Virginia, appeared by counsel at the April, 1924, term of the court and filed his petition for rehearing of this cause, and of the final order heretofore entered therein as provided by law, and the cause came on for re-

hearing upon the said petition and upon the additional evidence, oral and documentary, introduced by the parties, on the 8th day of April, 1924, all parties being present as at the former trial, and the court having heard the evidence and argument of counsel, and not being advised of what judgment it should render upon the rehearing, took time to consider the same.

"And the court now being fully advised as to its judgment, finds no reason in law or upon the new evidence to change its former opinion, doth hold and decide as follows: After a careful consideration of the evidence, oral and documentary, and of the law applicable thereto, the court is of opinion that the petitioner is entitled to have the additional assessments for additional capital for the years 1920, 1921, 1922 and 1923 corrected and reduced upon the following principles: The tangible personal property assessed as capital should be assessed at its fair market value as of February 1st of each year and the court is of opinion that freight paid on the tangible property assessed in this case is not properly or legally a part of its actual market value and should be excluded (except as to the tangible property other than wood assessed in this case, in which by consent of the petitioner and without prejudice, for the purposes of this case, the freight is included), and that a fair deduction should be allowed for depreciation and deterioration on all of the property so assessed.

"And from the evidence in this case it appears that the cost or market price of pulp wood both at the city of Bristol and at the city of Buena Vista, as of February 1, 1920, was $10.00 per cord; for 1921, $7.50 per cord; for 1922, $8.00 per cord; and for 1923, $8.50 per cord, which would produce a general average of $8.50 per cord for the four years, and for convenience and sim-

plicity the price of $8.50 per cord is adopted hereby as the fair market value for pulp wood for each of the above four years mentioned.

"It further appears from the evidence that the deterioration of pulp wood for the average period it is required to be held on hand at the city of Buena Vista would be twenty per cent of its cost price, and the deterioration of pulp wood at Bristol, being of a different character of wood, as is shown by the evidence, would be thirty-three and a third of its cost price.

"It further appears from the evidence that the depreciation in material on hand other than pulp wood assessed as capital, consisting of sodas, bleaching powders, etc., would be one-half of its cost (and for the purposes of this case by consent of the petitioner, without prejudice, freight is included as per inventory).

"It is, therefore, the judgment of the court that the assessment for omitted and additional capital against the petitioner, on its tangible personal property as capital for the years 1920, 1921, 1922 and 1923, in the city of Bristol and the city of Buena Vista, shall be as follows: Taxes to be collected at the rate of eighty-five cents for the State and thirty cents for the said cities.

*For the Year 1920.*

"For the city of Bristol the sum of $58,500.00, added by the examiner of records for omitted assessment, shall be reduced to the sum of $10,228.71; and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____$86.94
"City of Bristol tax_____ 30.69
                                          ——— $117.63

"For the city of Buena Vista the sum of $62,900.00,

added by the examiner of records for omitted assessments, shall be reduced to the sum of $16,783.61, and the amount reported by the petitioner shall be increased in that amount, the taxes on which shall be as follows:

"State tax _____ $142.66
"City of Buena Vista _____   50.35
                                 ———— $193.01

### *For the Year 1921.*

"For the city of Bristol the sum of $131,000, added by the examiner of records for omitted assessments, shall be reduced to the sum of $35,652.50, and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____ $303.04
"City of Bristol tax _____  106.96
                                 ———— $410.00

"For the city of Buena Vista, Virginia, the sum of $99,000.00, added by the examiner of records for omitted assessments, shall be reduced to the sum of $43,176.50, and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____ $366.99
"City of Buena Vista tax _____  129.55
                                 ———— $496.52

### *For the Year 1922.*

"For the city of Bristol the sum of $216,000, added by the examiner of records for omitted assessments, shall be reduced to the sum of $31,572.50, and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____$268.36
"City of Bristol tax_____  94.72
                                   ───────  $363.08

"For the city of Buena Vista the sum of $57,000.00, added by the examiner of records for omitted assessments, shall be reduced to the sum of $47,390.07, and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____$402.81
"City of Buena Vista tax_____ 142.17
                                   ───────  $544.98

*For the Year 1923.*

"For the city of Bristol the sum of $129,000.00, added by the examiner of records for omitted assessments, shall be reduced to the sum of $13,540.38, and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____$115.09
"City of Bristol tax_____  40.62
                                   ───────  $155.71

"For the city of Buena Vista the sum of $40,400.00, added by the examiner of records for omitted assessments, shall be reduced to the sum of $23,144.88, and the amount reported by the petitioner shall be increased in that amount, the tax on which shall be as follows:

"State tax _____$196.73
"City of Buena Vista tax_____  69.43
                                   ───────  $266.16

"It is therefore further ordered that the petitioner, Columbian Paper Company, in addition to the tax

already assessed on capital given in or reported, shall pay to the treasurer of the city of Bristol the sum of $773.43, being the total State taxes due by it for the years above mentioned; and it shall pay to the city treasurer of the city of Bristol the sum of $272.99 on account of taxes due the city of Bristol for the years above mentioned; and said company do pay and said treasurer shall collect the penalties and interest as required by law (Acts 1920, p. 95).

"And it is, therefore, further ordered that the petitioner, Columbian Paper Company, in addition to the taxes already assessed on capital heretofore given in or reported, shall pay to the treasurer of the city of Buena Vista the sum of $1,109.19, being the State taxes for the four years above mentioned; and it shall pay to the city treasurer of the city of Buena Vista the sum of $391.50 on account of city taxes for the years above mentioned; and said Columbian Paper Company shall also pay and said treasurer shall collect the penalties and interest required by law (Acts 1920, p. 95).

"It is further ordered that a certified copy of this order be sent by the clerk of this court to the Auditor of Public Accounts of Virginia, to the treasurer of the city of Bristol, and the treasurer of the city of Buena Vista.

"And there being nothing further to be done in this cause, it is ordered ended and stricken from the docket."

[1] The first assignment of error relied on by the Commonwealth is that the orders entered by the trial court, relieving the company of the assessments, are not only erroneous, but void.

Section 2385 of the Code of 1919 provides: "Any person assessed with taxes on land or other property aggrieved by any such assessment, may    *    *    *    apply for relief to the court in which the officer who

made the assessment gave bond and qualified, or to which or to whose clerk such bond and certificate of his qualification were returned.   *   *   *   The attorney for the Commonwealth shall defend the application and no order made in favor of the applicant shall have any validity unless it is stated therein that such attorney did so defend; that the commissioner making the assessment, or his successor, if it was made by the commissioner, was examined as a witness touching the application and the facts proven be certified."

The first contention of the Commonwealth is that the order entered by the court fails to recite that the commissioners of the revenue of Buena Vista and Bristol were examined as witnesses and that the attorneys for the Commonwealth of the respective cities defended the application for relief.

It appears from the record that service of notice of the filing of the application was accepted by all the necessary parties and by consent of attorneys for all parties the cause was made a vacation cause, for the purpose of entering the proper order in the same, the principles involved having been theretofore determined by the court.

Throughout the whole record it is apparent that the case was proceeded with by agreement of parties, and if the omission complained of is error, it is error acquiesced in, if not consented to, by appellant. No complaint is here being made by the representatives of either of the cities involved in the assessment. The only plaintiff in error is the Commonwealth, which was ably represented in the lower court by the former attorney for the tax board.

[2] It is true that under the common law the company had no right to apply for a correction of the assessment against it, and that the remedy afforded is

purely statutory. This being true, it is incumbent upon one seeking a statutory relief to proceed strictly according to the statute. But there is nothing in the statute involved which inhibits the statutory requirements being dispensed with by agreement of parties.

In this case we think there has been such an agreement as to cure any technical defects in the order entered by the trial court.

[3] The second contention of the Commonwealth is that the court of the city of Buena Vista was without jurisdiction to correct the assessment made in regard to the property of the company located in the city of Bristol. "That the statute conferring the right provides the remedy, and the remedy is by a proceeding in the court in which the commissioner of revenue making the assessment gave bond and qualified, or to which or to whose clerk such bond and certificate of qualification were returned."

Section 2385, with slight modifications, dates as far back as 1860. Many changes have been made in the laws since its enactment. Until recently, the assessment of personal property was made exclusively by the commissioner of the revenue. Now a new assessing officer is also provided, known as the examiner of records. His duties are fully set forth in section 2220 of the Code.

Under the provisions of the statute, it was the duty of the examiner of records to make return of his assessment upon the property of the company for both cities to the commissioner of the revenue of Buena Vista, the place where the principal office of the company was located. It was then the duty of the commissioner of the revenue to send copies of the assessment to the commissioner of the revenue of Bristol, who, upon receipt of same placed the property on the tax books

of the city. To this extent he is the assessing officer contemplated by the statute. Thus, if it be conceded that the Corporation Court of the city of Bristol had jurisdiction to pass upon the application of the company for relief relating to the assessment affecting Bristol, the question arises, has such jurisdiction been waived?

The Corporation Court of Buena Vista is a court of general jurisdiction, and, as such, has jurisdiction to hear application for the correction of erroneous assessments. As shown by the order of the Corporation Court of Buena Vista, "the right of this court to hear and determine the correction of the assessment for the city of Bristol was waived by the attorneys for both petitioner and the defendants."

As stated, no complaint of the court's action is made by the city of Bristol. No question is raised by it as to its right to hear the case. This question is raised for the first time by the Commonwealth in this court. In the petition to rehear, filed by the Auditor of Public Accounts, the prayer of the petition was that the case be reheard upon the merits. Instead of submitting to the venue of the trial court, if she wished to rely upon that question, it was the duty of the Commonwealth to raise the question in that court. Not having done so, she is precluded from raising it in this court. *Harris* v. *Shield*, 111 Va. 645, 69 S. E. 934.

In *Commonwealth* v. *Carter*, 126 Va. 475, 102 S. E. 60, which was a tax case, it was claimed for the first time in the appellate court that the Circuit Court of Clarke county had no jurisdiction to entertain the suit, because the Auditor of Public Accounts was a necessary party thereto, and, therefore, the suit should have been brought in the city of Richmond, as provided by section 6049 of the Code of 1919. Judge

Prentis, in delivering the opinion of the court, said: "If the Auditor had not appeared or had objected to the bill on this ground, or had made a motion for the transfer of the case to the Circuit Court of the city of Richmond, it would certainly have been the duty of the court under this statute to transfer the case. *Johnson* v. *Hampton Institute,* 105 Va. 319, 54 S. E. 31. No such motion, however, was made in the circuit court and the Auditor voluntarily answered the bill, and the record shows that the case was docketed and heard there upon the merits by consent. Although, as stated, it would have been the duty of the trial court to change the venue had the proper motion been made, such a question cannot be raised for the first time in this court after such a waiver in the trial court."

In this case, the same rule will be applied as was applied in *Harris* v. *Shield, supra.* In delivering the opinion of the court, Judge Buchanan said: "In a suit of this character, where all the parties in interest are before the court, and the rights of all can be fully protected, so that the objection to the complainant's right to bring the suit is formal rather than real, and the objection is not made in the trial court, it ought to be treated as waived."

This brings us to a consideration of the case upon the merits.

[4] In the petition and brief of counsel for the Commonwealth, a number of assignments of error are made and argued with great earnestness. Upon an examination of the record, however, we are forced to conclude that the only question presented for the consideration of the trial court was the fair market value of the tangible property assessed by the examiner of records, taking into consideration a proper deduction for freight

and for the deterioration of the property at the time of the assessment.

In its order granting the company relief from the erroneous assessment, the trial court held that for the years 1920, 1921, 1922 and 1923, "the tangible personal property assessed as capital should be assessed at its fair market value as of February first of each year * * * and that freight paid on the tangible property assessed in this case is not properly or legally a part of its actual market value and should be excluded * * and that a fair deduction should be allowed for depreciation and deterioration on all of the property so assessed."

In this ruling of the trial court there is no error.

The Constitution of Virginia, section 169, provides that "all assessments of real estate and tangible personal property shall be at their fair market value, to be ascertained as prescribed by law."

[5] In *Seaboard Railway Co.* v. *Chamblin*, 108 Va. 42, 46, 60 S. E. 727, it is said: "The fair market value of property is the price it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it."

In *Chicago* v. *Clements*, 53 Tex. Civ. App. 143, 62 Tex. Civ. App. 152, 115 S. W. 664, it is said: "The term 'market value' is not synonymous with intrinsic value—one meaning the actual price at which the commodity is commonly sold, and the other its true, inherent and essential value."

In 26 R. C. L. p. 366, the rule is thus stated: "Unless other provision is made by law in the valuation of merchandise or other personal property for the purposes of taxation, the fair market value, *i. e.*, the price which the property will bring in the ordinary course of trade, is the normal test."

Tested by the foregoing principles, it was proper for the court to deduct the freight paid on the property assessed by the examiner of records.

[6] The only proof introduced as to the deterioration of the property was that upon the part of the company. Based upon this evidence, the deduction made for depreciation and deterioration as of February the first was proper. While it is true that the trial court arrived at its conclusion by taking an average for each of the years involved, and based its assessment thereupon, we are of the opinion that under all the circumstances of the case this was harmless error.

Upon the whole case, we find no error in the judgment complained of, and it is affirmed.

*Affirmed.*