# Wytheville

COMMONWEALTH OF VIRGINIA v. L. E. CONNER, AUBREY DOSS, AND OTHERS.

June 14, 1934.

Present, All the Justices.

The opinion states the case.

*J. Warren Topping, Attorney for the Department of Taxation,* for the Commonwealth.

*Joel W. Flood,* for the defendants in error.

HOLT, J., delivered the opinion of the court.

We have already had occasion to consider another phase of this controversy. *Commonwealth* v. *Doss,* 159 Va. 968, 167 S. E. 371. The record there shows that the Highway Department was doing certain road work in Appomattox county in which hauling was necessary. Doss, the owner of a truck, applied for employment. He already had an ordinary truck license but the Highway Department was of the opinion that he should secure a supplemental license "For Hire."

In 1926 the legislature, by act of March 17, 1926 (Acts 1926, ch. 149), codified the motor vehicle law. In it is a schedule of license charges for trucks. In 1930 (Acts 1930, ch. 430, pp. 924-928), the act of 1926 was amended.

Basic charges were retained but certain supplemental charges were assessed which in turn were subject to defined exceptions. Trucks which were used for hire were required to take out a supplemental license, subject to this exception: They were not required to take it out when working for the State Highway Department. The Commonwealth, however, contended that this exception clause was not carried into the act of 1932 (see Acts 1932, ch. 342, p. 613), and that, whether carried into it or not, it is unconstitutional. The defendant claimed that it was a part of the then present law, that it is not unconstitutional, and further that its unconstitutionality was a defense which the State itself could not interpose. It is not necessary for us to repeat here what was said there about the statutes in judgment.

A warrant was sworn out against Doss which undertook to charge him with operating his truck without having first obtained the necessary license. He was found not guilty. That judgment was confirmed by us on appeal. We did not, however, undertake to consider these issues upon their merits. The warrant was void upon its face.

A. L. Doss was the defendant in the first case. Aubrey Doss was one of the plaintiffs below in that now in judgment. It may be the same man in each instance; we do not know. In any event Aubrey Doss and others, to qualify themselves for this work, took out the "For Hire" license which the Highway Department thought necessary. For it each of them paid $7.50. This they contend should be refunded and that contention was sustained by the trial court. For convenience, and without objection, a number of truck drivers united in one motion for relief. They were engaged in no joint enterprise. Each claim grows out of an individual undertaking. But for reasons which will hereafter appear no special objection is to be urged against that practice in this case; the plaintiffs cannot complain because they did it; the Commonwealth has not complained.

Plaintiffs claim relief under section 410 of the Tax Code

(Code 1930, appendix, p. 2240). It provides that "Any person, firm or corporation, assessed with any State taxes on property, or State taxes on income, or any State license tax, or any State capitation tax, aggrieved by any such assessment, or aggrieved by any State tax assessed under the provisions of section one hundred and twenty-one, one hundred and twenty-five, or one hundred and twenty-six of the Tax Code of Virginia, may, unless otherwise specifically provided by law, within one year from the thirty-first day of December of the year in which such assesssment is made, apply for relief," etc.

It is there further provided "If the court be satisfied that the applicant is erroneously assessed with any taxes, and that the erroneous assessment was not caused by the wilful failure or refusal of the applicant to furnish a list of his property to the tax-assessing authority as the law requires; or that the applicant is erroneously charged with a license tax, and that the erroneous assessment was not caused by the wilful failure or refusal of the applicant to furnish the tax-assessing authority with the necessary information, as required by law, in either case the court may order that the assessment be corrected."

Before relief can be had it must appear that there has been an erroneous assessment. In the instant case there has been no assessment at all. These applicants each applied to the Director of the Division of Motor Vehicles at Richmond for special licenses. They were issued in due course and for proper charges. The transactions were simple, and each upon its face in all respects regular. No assessment was made by anybody, erroneous or otherwise, and no assessment, however errroneous, can be corrected except by virtue of some statute. *Commonwealth* v. *Columbian Paper Co.*, 143 Va. 332, 130 S. E. 421.

Two cases, *Virginia Brewing Co.* v. *Commonwealth*, 113 Va. 145, 73 S. E. 454; *Hotel Richmond* v. *Commonwealth*,

118 Va. 607, 88 S. E. 173, serve as excellent examples to tell us when a recovery may be had and when not.

The Virginia Brewing Company's plant was located in Roanoke. It was assessed with and it paid to the State a license tax for the privilege of manufacturing malt liquors and of selling its products in quantities of two dozen pints or more anywhere within the State. Under that license it undertook to do business in Lynchburg. The corporation court of that city declined to issue a permit and said that before business could be done in Lynchburg a wholesale malt liquor license should be procured. This was procured under protest. The court, in substance, held that there was no erroneous assessment but a voluntary payment and declined to direct any refund. It said:

"The payment in the case in judgment was made with full knowledge of all the facts—unwilling, it is true, but not under such compulsion as the law contemplates; and the judgment of the corporation court must be affirmed." See, also, *Phoebus* v. *Manhattan Social Club,* 105 Va. 144, 52 S. E. 839, 8 Ann. Cas. 667; Burroughs on Taxation, page 443.

In *Hotel Richmond* v. *Commonwealth, supra,* a recovery was sustained.

It appears that the "Mann Law" (Code 1904, p. 2253), defined a hotel and provided that a license tax should carry with it the privilege of conducting that business and as a part thereof the right to sell intoxicating liquors. In 1908 was enacted what is known as the "Byrd Law" (Acts 1908, ch. 189). This legislation repealed the "Mann Law." It put hotels, so far as the sale of liquor was concerned, upon the same basis as saloons and did not require them, as such, to secure a license at all. This situation continued until 1914.

The commissioner of revenue for the city of Richmond, however, "proceeded to assess the hotels with a license tax, under the law taxing houses of private entertain-

ment, sections 95, 96 and 97 of the revenue law of 1902-3-4 (chapter 148)."

The court called attention to the fact that Code (1904) section 567, provides that "any person assessed with a license tax, aggrieved thereby, may within one year after such assessment apply for relief." * * *

In the first case the payment was voluntary. In the last there was an erroneous assessment.

■ The payments which appear in the case in judgment were also voluntary. They did not have to be made but were made to secure work desired but not necessary.

■ "Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and cannot be recovered back. And the fact that the party at the time of making the payment, files a written protest, does not make the payment involuntary." *Wabaunsee County* v. *Walker,* 8 Kan. 436, citing *Phillips* v. *Board of Com'rs of Jefferson County,* 5 Kan. 412, which is cited with approval in *Barrow and others* v. *Prince. Edward County,* 121 Va. 1, 92 S. E. 910.

There was no assessment. There was no duress. There is nothing to show that petitioners' trucks were not used generally for the special purposes authorized by their several licenses.

The judgment appealed from should be reversed and this case dismissed. It is so ordered.

*Reversed.*

HUDGINS, J., concurs in result.