## CIRCUIT COURT OF BATH COUNTY

Independent Livery, Inc.

v.

L. Paul Myers, Jr.

### March 24, 1975

By JUDGE ROSCOE B. STEPHENSON, JR.

This suit, instituted by a warrant *ex contractu* in the General District Court of Bath County and heard in this Court on appeal *de novo*, involves the seller's remedies under the Uniform Commercial Code where goods have been wrongfully rejected or revoked by a buyer.

The case was heard by the Court without a jury, and the following facts were established by the evidence. Independent Livery, Incorporated (plaintiff or Independent) offered for sale a 1959 Oldsmobile limousine. This rather unique vehicle was custom made to accommodate at least twelve passengers. It was apparently in very good mechanical condition. L. Paul Myers, Jr. (defendant or Myers), upon learning that Independent was asking $2,000.00 for this vehicle, examined and tested it. Being satisfied, Myers advised Independent's president, Clarence C. Criser, "I am purchasing the limousine." The parties further agreed that Independent would adjust the brakes on the vehicle, wash it, and change its oil, and that Myers would take possession of and title to the vehicle on the following Saturday (which was two days later). Thereupon, Myers paid Independent $500.00 on the purchase price by his personal check and agreed that the balance ($1,500.00) would be paid in cash when the vehicle was delivered on Saturday. It developed that Myers was purchasing this

vehicle for an uncle who was in the transportation business in Maryland. After Myers made the agreement with Independent, he advised his uncle that he "had bought" the limousine. Later, his uncle advised him by telephone that he had decided he did not want the vehicle. Myers in turn notified Independent that he had changed his mind. The following Monday, Independent cashed Myers' $500.00 check. Four days later, Myers directed the bank to stop payment on the check, and the bank, which had the accounts of both parties, debited Independent's account and credited Myers's in the amount of $500.00. All of this occurred in December, 1973, during a period of economic recession and energy shortage which has continued to this time. Consequently, any demand for this unique, single-purpose vehicle was practically nonexistent. Following the trial of this case, Independent, after due notice and advertisement, endeavored to sell this vehicle publicly. This resulted in only one bid ($25.00) which, of course, was rejected.

I have no trouble in concluding that the evidence clearly proved that Myers contracted with Independent to purchase the vehicle for $2,000.00 in cash on the date of delivery and that Myers, thereafter, wrongfully rejected the goods or wrongfully revoked acceptance of the goods. A more difficult problem relates to Independent's damages, and this involves Title 8.2 of the Uniform Commercial Code (which relates to sales) and especially Part 7 thereof, Code § 8.2-702 to § 8.2-725, inclusive (which deals with remedies).

The seller's remedies in general are set forth in Section 8.2-703. However, the facts of this case require a focus mainly on § 8.2-706, § 8.2-708, and § 8.2-709.

Code § 8.2-708 deals with a seller's damages for nonacceptance or repudiation and provides that "the measure of damages . . . . is the difference between the market price at the time and place for tender and the unpaid contract price, together with any incidental damages . . ." While there may be an inference that, due to present economic conditions, this vehicle had very slight market value, then and now, I do not believe the evidence to be sufficient for a finding under this Code provision.

Code § 8.2-709 pertains to an action for the price. This remedy is available to a seller when, among other

factors, (1) the goods have been *accepted*, or (2) the goods have been *identified to the contract* and "if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing."

Had this vehicle been *accepted* within the meaning of the code? Code § 8.2-606 states what constitutes an acceptance. "Acceptance of goods occurs when the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming . . ." Is not the evidence undisputed and conclusive that Myers "after a reasonable opportunity to inspect . . . . signifie[d] to the seller [Independent] that the goods [the vehicle] are conforming"? I think it is. Under the Code, there can be acceptance without either the passage of title or the taking of possession provided the buyer "signifies to the seller that the goods are conforming."

Returning to § 8.2-709 (Action for the price), let us consider Paragraph 1(b) thereof. There seems to be no question that the goods were "identified to the contract." I have no problem here with identification. It is necessary to consider, therefore, the two qualifying clauses of that paragraph, to wit:

> If the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

I think the evidence supports a finding that each of these qualifying clauses existed. Independent made the vehicle available for sale at all times, and beyond question, the economic conditions (including the acute gasoline shortage) were such circumstances as would "reasonably indicate that such effort will be unavailing." Indeed, Independent's effort to sell the vehicle on February 1, 1974 (resulting in but one bid and that of $25.00) is proof enough that any effort would have been "unavailing."

I hold, therefore, that Independent is entitled to recover the price ($2,000.00) together with those incidental damages it incurred by endeavoring to sell the vehicle. Naturally, upon payment of the judgment, Myers

is entitled to receive the title and possession of the vehicle.

I am troubled, however, as to what happens with respect to the vehicle in the event Myers fails to pay the judgment within a reasonable time after it is rendered. Rather than permit this vehicle to remain indefinitely in the possession of Independent, totally useless to anyone, I further hold and order that, in the event Myers fails to pay the judgment within a reasonable time (a period of not more than ninety days from the date of judgment), then Independent shall sell this vehicle, according to provisions of the Code, § 8.2-706, and after due notice to Myers, and the net proceeds of sale shall be credited to the judgment.