## CIRCUIT COURT OF LOUDOUN COUNTY

Leesburg Southern
Electric, Inc.,
t/a Southern Electrical
Service Co., Inc.

v.

Clarence Jones

January 4, 2001

Case No. (Law) 23711

BY JUDGE THOMAS D. HORNE

Southern Electrical Service Co., plaintiff, entered into a contract with Clarence Jones, defendant, to furnish and install an ONAN generator at the residence of the defendant located in McLean, Virginia. The total contract price was $49,388.00. Mr. Jones tendered the required deposit of $10,000.00. Plaintiff notified the defendant by letter dated February 10, 2000, of the delivery of the generator and of its desire to schedule a date for delivery and installation. On March 31, 2000, counsel for Mr. Jones notified Southern Electric to cease work and return the deposit. The instant litigation ensued. At present, the generator remains upon the plaintiff's property.

Plaintiff purchased the generator from Cummins Power Systems, Inc., of Glen Burnie, Maryland, for $25,717.45. The damages sought by the plaintiff as a result of his repudiation of the contract consist of the price of the generator that has been identified to the contract between the plaintiff and defendant that includes lost profits of $17,671.55. In calculating lost profits, the plaintiff has deducted its costs were the contract to go forward. Costs

excluded from the damage claim include such items as labor, equipment rental, and permit fees.

In addition, plaintiff seeks interest pursuant to the contract at 18% as to the cost of the generator from July 12, 2000 (the date the plaintiff had to pay the supplier for the generator) and at 18% as to lost profits from April 1, 2000. The contract provides for the payment of reasonable attorney's fees and costs in the event of default. Counsel for the plaintiff has submitted an affidavit setting forth fees for professional services in the amount of $10,372.50 and costs of $76.00. No evidence was presented to challenge the reasonableness of the fees charged by plaintiff's counsel.

The instant agreement providing for the sale and installation of the generator is governed by the Uniform Commercial Code, pursuant to Va. Code Ann. § 8.2-101 *et seq*. Although the contract provides for the delivery of both goods and services, the primary purpose of the contract is the furnishing of goods rather than the delivery of services. *Princess Cruises, Inc. v. General Elec. Co.*, 143 F.3d 828 (4th Cir. 1998). "In determining the predominant purpose of a mixed contract for both goods and services the Court is guided by certain factors; (1) the language of the contract, (2) the nature of the business of the supplier, and (3) the intrinsic worth of the materials." *Id*. The contract provides a detailed listing of the various components of the generating unit to be *furnished* and installed at the home of the defendant. Plaintiff held itself out to the defendant as a business that could supply both installation services and the unit to be installed. The cost of the generator exceeded 50% of the contract price.

The Court finds that the defendant breached the contract after the delivery of the generator to the plaintiff. Since repudiation of the contract by the defendant in March of 2000, the plaintiff has made only a minimal effort to market the generator. It sought return of the generator to the supplier, Cummins Power Systems, Inc., and was rebuffed. Attempts to sell the item to a local homebuilder and a review of its own inventory of jobs were the only other steps taken to sell the generator. The generator remains on the premises of the plaintiff.

Having shown non-acceptance or repudiation by a buyer, a seller is entitled to seek damages pursuant to Va. Code Ann. § 8.2-708, or payment of the price due under Va. Code Ann. § 8.2-709, as well as incidental damages under Va. Code Ann. § 8.2-710. Recovery of damages under § 8.2-708 requires that the seller prove "the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in [§ 8.2-710], but less expenses saved in consequence of the buyer's breach." It is also provided that in the event that

the amount "is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead), which the seller would have made from full performance by the buyer, together with any incidental damages provided in . . . § 8.2-710, due allowance for costs reasonably incurred and due credit for payments or proceeds of resale."

The Court finds that the defendant has failed to establish the market price at the time and place of tender and that the remaining provisions of § 8.2-708 do not apply to the instant case. Absent a claim for the price of the generator under § 8.2-709, the plaintiff would not be entitled to recover for the repudiation and non-acceptance by the defendant. See *Data Documents, Inc. v. Pottawattamie County*, 604 N.W.2d 611 (2000).

Can the plaintiff recover the price of the generator identified to the contract? In order to do so, it must have made a reasonable effort to resell the generator at a reasonable price or *the circumstances reasonably indicate that such effort would be unavailing*. If a resale of the generator was reasonably available to the plaintiff, then it was obligated to take reasonable steps to effect such a disposition of the generator. No such steps were taken in this case.

The uncontroverted evidence in this case is that this generator was a custom generator that was not a stock item. Mr. Frank Assaro, an employee of Cummins Power Systems, testified that it would be difficult to sell. In rejecting Southern Electric's offer to return the generator, they described it as, "very specialized for the Jones Residence." See *Independent Livery, Inc. v. Myers*, 21 Va. Cir. 516 (1975). Accordingly, the Court finds that the circumstances reasonably indicate that efforts to resell the generator would be unavailing, and the plaintiff is entitled to recover the price of the generator and attorney's fees.

Counsel for the plaintiff submitted an affidavit of fees along with copies of the relevant billing statements. The contract provides for the recovery of attorney's fees and costs against the defaulting party. No evidence was introduced to refute this evidence. See *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 413 S.E.2d 611 (1992).

The Court finds that the defendant is entitled to recover judgment in the amount of $43,388.00 (representing the cost of the generator to the plaintiff and lost profits, less deductions for costs of installation to the plaintiff had the contract gone forward) subject to the $10,000.00 deposit being held by the plaintiff, plus interest at 18% on $17,671.55 from April 1, 2000, until paid and on $25,717.45 from July 12, 2000; attorney's fees in the amount of $10,372.50 and costs in the amount of $76.00.

In the event the defendant does not satisfy the judgment within a reasonable time (ninety days), then the plaintiff shall sell the generator according to the provisions of § 8.2-706, and, after due notice to the defendant, the net proceeds of the sale shall be credited towards the judgment.