# CIRCUIT COURT OF THE CITY OF SALEM

Qualichem, Inc.

v.

Xelera, Inc.

June 19, 2003

Case No. CL01-134

BY JUDGE ROBERT P. DOHERTY, JR.

This matter comes before the Court on the Plaintiff's action at law seeking damages arising from the Defendant's alleged failure to pay for delivered goods. The Plaintiff also seeks interest and attorney's fees and costs. The Defendant denies any obligation. Furthermore, the Defendant has filed a counterclaim, alleging that the Plaintiff is obligated to the Defendant for payments made on the behalf of the Plaintiff to a third party under alternative theories of assignment of debt and unjust enrichment. The matter was tried before the Court on October 9, 2002. For the reasons given below, the Court finds that the Defendant is obligated to the Plaintiff for $43,842.45 plus interest from the date of trial. Additionally, the Court denies the Defendant's counterclaims.

The facts in this matter are detailed and convoluted. Therefore the Court only sets forth those necessary for its judgment. Both parties are involved in the water treatment and specialty cleaner trade, selling and distributing chemicals throughout the Southeast. Furthermore, both parties were involved in business relationships with Thermax, a manufacturer of water treatment chemicals. Initially, the Plaintiff served as the master distributor for Thermax products throughout the Southeast. As such, the Plaintiff sold goods to the

Defendant. At the same time, the Plaintiff would purchase goods from the Defendant. During the period between March 6, 2000, and April 10, 2001, the Plaintiff made a series of deliveries to the Defendant totaling $45,263.85. The invoices for the shipments between September 2000 and April 2001 provided for the payment of interest at the rate of 1.5% per month for late payments and for attorney's fees at the rate of 25% of the unpaid balance. The invoices dated March 2000 and August 2000 did not contain this language due to a problem with the Plaintiff's billing software. However, evidence brought forth at trial indicated that those terms were common in the trade and that the Defendant's president knew the terms were used by the Plaintiff.

It was also brought out at trial that, in the Spring or Summer of 2000, Thermax made the Defendant its master distributor for the region. The Defendant contends that it received the master distributorship by oral agreement in May 2000. However, both trial testimony and correspondence from Thermax indicate that the distributorship was granted on August 1, 2000. During this period, the Defendant made a payment to Thermax of approximately $11,355.00. The Plaintiff contends that this represented the purchase price of the master distributorship, while the Defendant argues that it was a payment covering debts of the Plaintiff to Thermax for shipments dated between March 2000 and June 2000. The Defendant also contends that the Plaintiff is obligated to it for a consignment shipment in May 2000 of approximately $40,000.00 to the Plaintiff from Thermax on the basis that the Defendant was the master distributor at that time. Thus, the Defendant contends that these two payments offset any monies owed to the Plaintiff. The Plaintiff, on the other hand, maintains that it was obligated under the consignment to Thermax and that the Defendant's payments to Thermax were made as a volunteer. Furthermore, evidence at trial showed that the Plaintiff had entered into a payment plan with Thermax for the consignment shipment.

Finally, the Plaintiff filed the motion for judgment against the Defendant seeking damages of $70,164.67, representing the debt of $45,263.85 plus interest, attorney's fees, and costs. On March 21, 2002, the Defendant agreed to pay the Plaintiff $31,430.00 of the monies, leaving an outstanding balance sought by the Plaintiff of $43,842.45. The Defendant seeks to offset its payment of $11,355.00 and asks the Court to deny both the payment of interest and attorney's fees.

*Xelera's Debt to Qualichem*

The evidence at trial clearly indicates that the Defendant was obligated to the Plaintiff for the deliveries between March 2000 and April 2001. The Plaintiff was able to produce invoices for these shipments whereas the Defendant was unable to show that it did not receive these goods. Therefore, the Plaintiff is entitled to recover the remaining balance of the goods delivered. Regarding the Plaintiff's request for interest and attorney's fees, the Court finds that the Plaintiff is also entitled to recover these expenses even though some of the invoices lacked language regarding interest and attorney's fees. It is well settled in the Commonwealth that as between merchants, the terms of agreement of the parties may be governed by lawful trade usage and that the existence of the custom or usage is a question of fact for the trier of facts. *Arkla Lumber & Manuf. Co. v. West Va. Timber Co.*, 146 Va. 641, 649-50, 132 S.E.2d 840, 842 (1926); *Simbeck, Inc. v. Dodd-Sisk Whitlock Corp.*, 44 Va. Cir. 54, 66 (1997). *See also* Va. Code Ann. § 8.2-208. The evidence produced at trial indicated that the interest and attorney's fees terms were commonly used in the industry and that the Defendant was aware of the Plaintiff's use of these terms. Furthermore, the Defendant did not object to the appearance of these terms in the later invoices until trial. Thus, in the absence of contradictory evidence, the Court finds that these terms became an implied part of the contract. Alternatively, the Plaintiff would be entitled to recovery pursuant to Section 8.2-710 of the Code of Virginia (1950), as amended, on the basis that the terms constitute incidental damages arising from the Defendant's breach. Va. Code Ann. § 8.2-710. *See also Leesburg Southern Elec., Inc. v. Jones*, 54 Va. Cir. 344, 346 (2001). Therefore, the Court finds that the Defendant is obligated to the Plaintiff for $43,842.45.

*Assignment*

In its first defense, the Defendant claims that Thermax made an oral assignment to the Defendant of debts due to it by the Plaintiff. This claim, however, fails both under Title 8.1 (Virginia's codification of the Uniform Commercial Code) and under the common law of contracts.

Section 8.1-206 of the Code of Virginia (1950), as amended, sets forth the requirement that a writing is necessary for the sales of accounts receivable that are in excess of five thousand dollars. As the total of the accounts receivables at issue here exceeds eleven thousand dollars and no writing showing the

assignment has been produced, any claims that the Defendant may have under the Uniform Commercial Code are barred.

Additionally, the Defendant's claim of an equitable oral assignment of the debt fails under the common law because the Defendant is unable to show that Thermax manifested the intent to assign the debt. It is well settled in the Commonwealth that, in order for an assignment to be effective, there must be an "intent to transfer a present ownership of the subject matter of the assignment to the assignee ... by some word, written or oral, or by some act inconsistent with the assignor's remaining as owner." *Edmunds v. CBC Enterprises, Inc.*, 261 Va. 432, 436, 544 S.E.2d 324, 326-27 (2001), quoting *Nusbaum & Co. v. Atlantic Realty*, 206 Va. 673, 681, 146 S.E.2d 205, 210 (1966). *See also Hicks v. Roanoke Brick Co.*, 94 Va. 741, 745-46, 27 S.E. 596, 598 (1897). The Defendant has been unable to produce any evidence indicating an intent on the part of Thermax to transfer its rights in the accounts receivable to the Defendant. Instead, the evidence presented clearly indicates that Thermax meant to retain control over the accounts receivable. In its letter appointing the Defendant as the master distributor, Thermax stated that "[a]s far as my outstanding payments from Qualichem are concerned I will certainly hold you responsible and I will appreciate your help in this matter." *See* Ex. 10. Later in the same letter, Thermax informed the Defendant that, as the master distributor, the Defendant would be responsible for collecting fees arising from any consignment material used by the Plaintiff. Both these statements, as well as the use of the word "consignment," are clearly consistent with Thermax's intent to retain ownership in the material and any payments due to it. Therefore, for these reasons, the Defendant's claims of assignment under either Title 8.1 or the common law are denied.

### Unjust Enrichment

The Defendant's second defense is that the Plaintiff was unjustly enriched by the Defendant's payment to Thermax of some of the Plaintiff's outstanding debt. The Plaintiff responds that these payments by the Defendant were made voluntarily as part of its acquisition of the master distributorship from Thermax. The law in the Commonwealth is that a party will not be allowed to enrich itself at the expense of another. *Rinehart v. Pirkey*, 126 Va. 346, 351, 101 S.E. 353, 354 (1919). However, claims of unjust enrichment based on quasi-contract have been limited by the appellate courts of the Commonwealth to those arising out of money paid by mistake, failed consideration, money

obtained through imposition, extortion, oppression, or any other undue advantage taken of the claiming party's situation, where the advantage is contrary to laws made for the protection of persons under those circumstances. *Robertson v. Robertson*, 137 Va. 378, 381-82, 119 S.E. 140, 140-41 (1923). *Cf. Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990) (stating the law of the Fourth Circuit regarding unjust enrichment based on quasi-contract). In this case, no evidence of mistake, failed consideration, or any form of duress was presented by the Defendant capable of supporting a claim of unjust enrichment. Rather, the evidence shows that the Defendant made payments to Thermax, possibly as a means of acquiring the master distributorship or possibly in a mistaken belief that it would thereby acquire a claim against the Plaintiff. Regardless of the motive, the Plaintiff could not have been unjustly enriched by the Defendant's actions. *See Kern v. Freed Co.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 365 (1983). Thus, in the absence of such evidence, the Court finds that the Defendant's payments were made voluntarily and as such do not provide it with any action at law or in equity against the Plaintiff. *Commonwealth v. Connor*, 162 Va. 406, 411, 174 S.E. 862, 864 (1934); *Briggs v. Barnett*, 108 Va. 404, 409 61 S.E. 797, 800 (1908). While the Defendant may have a claim for unjust enrichment, it does not lie against this Plaintiff. Therefore, the Defendant's claim of unjust enrichment is denied.

The Court orders that the Defendant pay the Plaintiff $43,842.45 plus interest from the date of trial.