# CIRCUIT COURT OF THE CITY OF RICHMOND

Olivier L. L. Asser

v.

Commonwealth of Virginia et al.

August 25, 2005

Case No. LT-817-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case Olivier Asser, a former securities trader, has brought suit against the Virginia Department of Taxation, the Tax Commissioner, the Office of the Attorney General, the Attorney General, a Senior Assistant Attorney General, an Assistant Attorney General, and what is described as "Does 1-10" (collectively the Defendants or the Department), who are alleged to be additional employees of the Department of Taxation. The suit makes claims for (1) malicious prosecution concerning a 1999 income tax assessment, (2) defamation by way of false lien notices to creditors and other businesses, and (3) gross negligence in the preparation and attempt to collect the 1999 income tax assessment. The Defendants have filed a Demurrer. They also seek a Bill of Particulars regarding the defamation claim.

As mentioned in plaintiff's "Verified Complaint for Damages and Equitable Relief," this is the fourth case he has filed concerning the 1999 tax assessment. On demurrer, the court accepts the allegations made by plaintiff as true for the purpose of testing whether the facts as stated constitute valid causes of action. *McDermott v. Reynolds*, 260 Va. 98, 100 (2000).

In summary, what follows is the chronology of events plaintiff describes under the heading, "Substantive Allegations." These dates concern the Virginia

Department of Taxation assessment of income taxes against plaintiff for tax year 1999 for over $1.6 million "in various administrative and/or judicial proceedings."

March 27, 2002: Department issued tax assessment number 61183, for $1,295,976.03, against Plaintiff, allegedly without notice to Plaintiff.

June 17, 2002: Department filed a Memorandum of Lien in the Fairfax Circuit Court for $1,276,850.27 against Plaintiff, allegedly without notice to Plaintiff.

July 29, 2002: Department sent to Plaintiff a Notice of Tax Lien and Demand for Payment of State Taxes for $1,295,976.03.

August 5, 6, 2003: Department sent to Plaintiff nine separate Notices of Tax Lien and Demand for Payment of State Taxes for $1,371,905.65.

August 6, 2003: Department sent to Plaintiff Notice of Intent to File Memorandum of Lien. This is over one year following the filing of the Memorandum of Lien.

March 4, 2004: Department sent to Plaintiff Notice of Tax Lien and Demand for Payment of State Taxes for $1,601,685.57.

February 25, 2005: Defendants in *Asser v. Tax Comm'r*, C.A. No. LS-2893 (Va. Cir., Sept. 7, 2004), demanded Plaintiff post bond of $1.7 million or forfeit any circuit court remedy; overruled on summary judgment. Department also claimed that Notices of Assessment are not recorded by Tax Defendants.

March 21, 2005: Department sent to Plaintiff Notice of Assessment for $1,692,589.03 by certified mail, to which Plaintiff signed return receipt as requested.

March 25, 2005: Department sent to Plaintiff Release of Memorandum of Lien.

Plaintiff goes on to allege in paragraph 19:

> Defendants prosecuted tax claims against Plaintiff in administrative and judicial proceedings without probable cause, with malice, and Plaintiff ultimately prevailed; Defendants defamed Plaintiff; and, Defendants were grossly negligent. . . .

In their Demurrer, Defendants first argue that Virginia law does not support a cause of action for malicious prosecution stemming from tax collection efforts. Even if Virginia allows such claims, a malicious prosecution claim does not lie because the underlying proceedings must have terminated in a manner not unfavorable to plaintiff. Here, plaintiff admits that the 1999 tax assessment remains outstanding. Continuing, the Defendants argue that the facts do not in law make out a case of gross negligence. Finally, the

Defendants seek a Bill of Particulars on the exact words alleged to constitute defamation, their source, context, and date when made. The court agrees with the Defendants.

## Malicious Prosecution and Administrative Remedies

No tax assessment, however erroneous, can be corrected except according to law. *Commonwealth v. Conner*, 162 Va. 406, 409, 174 S.E. 862, 863 (1934). Further, the procedure for correction of erroneous assessments is entirely statutory. *Smith v. Board of Supervisors*, 234 Va. 250, 255, 361 S.E.2d 351, 353 (1987). The procedures for challenging a tax assessment are codified at Va. Code Ann. §§ 58.1-1820 to 58.1-1834 and §§ 58.1-3980 to 58.1B3995 (1950). There is no allegation that Plaintiff has initiated any of the statutory remedies available for challenging a tax assessment.

Virginia law provides that "[n]o suit for the purpose of restraining the assessment or collection of any tax, state or local, shall be maintained in any court of this Commonwealth, except when the party has no adequate remedy at law." Va. Code Ann. § 58.1-1831 (1950). The underlying purpose of this section is to prevent those liable for taxes to delay payment or escape their lawful burden, so as to interfere with and thwart the collection of revenues for the support of the government. *Chesapeake & P. Tel. Co. v. City of Newport News*, 194 Va. 409, 73 S.E.2d 394 (1952).

The procedure for correcting an erroneous assessment begins by applying to the Tax Commissioner for relief within ninety days from the date of the assessment. Va. Code Ann. § 58.1-1821. Further, the statute of limitations provides that one "assessed with any tax administered by the Department of Taxation and aggrieved by any such assessment may, unless otherwise specifically provided by law, within (i) three years from the date such assessment is made or (ii) one year from the date of the Tax Commissioner's determination under § 58.1-1822, *whichever is later*, apply to a circuit court for relief." Va. Code Ann. § 58.1-1825(A) (1950) (emphasis added). According to Plaintiff, the Department sent Plaintiff a Notice of Assessment for $1,692,589.03 by certified mail on March 21, 2005. It therefore appears that the statute of limitations for Plaintiff to administrative remedies to challenge the 1999 tax assessment has not lapsed.

However, as counsel argued, by releasing its lien, the Department has only chosen to release a method of collection. The tax obligation in its eyes remains. This bears on the availability of administrative relief as well as the asserted malicious prosecution claim.

As to of malicious prosecution, such claims require that (1) the prosecution was initiated by the defendant and terminated "in a manner not unfavorable to the plaintiff"; (2) it was instituted by or procured by the cooperation of the defendant; (3) it was without probable cause; and (4) it was malicious. *Pallas v. Zaharopoulos*, 219 Va. 751, 754, 250 S.E.2d 357, 359 (1979). Malicious prosecution may arise from civil proceedings; however, the plaintiff must allege and show either an arrest of his person, a seizure of his property, or some special injury incurred. *Ayyildiz v. Kidd*, 220 Va. 1080, 1083, 266 S.E.2d 108, 111 (1980). If a plaintiff claiming malicious prosecution does not allege of seizure of person or property, plaintiff *must* make a showing of special injury. *Levine v. McLeskey*, 881 F. Supp. 1030 (E.D. Va. 1995), *vacated in part on other grounds, Levine v. McLeskey* 164 F.3d 210 (4th Cir. 1998). Special injury focuses on the intent of the defendant in the prosecution of the original case, and it occurs when the defendant maliciously makes use of the legal process with the intent to vex and distress the plaintiff. *Ayyildiz*, 220 Va. 1080, 1084, 266 S.E.2d 108, 112.

Plaintiff argues that the underlying prosecution, attempts to enforce a 1999 income tax assessment, terminated not unfavorably to him when the Department issued a Release of Memorandum of Lien. Plaintiff argues that the Department lacked probable cause to "provide a man of reasonable caution or prudence sufficient justification to believe that Plaintiff had evaded paying taxes on more than $14 million in income." Plaintiff offers as support (1) the Department's reliance on incomplete I.R.S. records, (2) the Department's failure to verify Plaintiff's income with Plaintiff's broker or I.R.S., (3) the Department's failure to rebut Plaintiff's affidavits and evidence showing no taxable income in 1999, (4) the Department's release of the lien based on no additional evidence. Plaintiff further contends that Department acted with malice by, *inter alia* (1) sending lien letters to prominent financial institutions, (2) entering a Memorandum of Lien in the Fairfax Circuit Court without notice to Plaintiff, (3) sending Plaintiff a Notice of Intent to File Memorandum of Lien thirteen months after the lien had been filed, and (4) authorizing collection agencies to demand Plaintiff's payment. However, these actions do not amount to a not an unfavorable outcome. They amount to a withdrawal or cessation of a collection method. Thus, an essential element required to mount a malicious prosecution claim is missing.

*Gross Negligence*

Plaintiff claims that the Department "engaged in gross negligence by seeking to seize Plaintiff's assets through unlawful liens, the ordering for which they had no basis in fact whatsoever. . . ." In its Demurer to his claim, the

Department argues Virginia law does not recognize a cause of action for grossly negligent prosecution. The Commonwealth does, however, recognize a cause of action for gross negligence. *Generally, Anderson v. Bundy,* 161 Va. 1, 171 S.E. 501 (1933). Gross negligence has been defined as "a heedless and palpable violation of legal duties respecting the rights of others," *Frazier v. City of Norfolk,* 234 Va. 549, 552, 362 S.E.2d 688, 688 (1987), and as "the absence of slight diligence or the want of even scant care." *Colby v. Boyden,* 241 Va. 125, 130, 400 S.E.2d 184, 184 (1991). Plaintiff's allegations are conclusory as to gross negligence and do not state facts which amount to action, which shows indifference to others, disregarding prudence to the level that the rights of Plaintiff have been completely neglected. *Wilby v. Gostel,* 256 Va. 437, 578 S.E.2d 796 (2003). Otherwise, the court agrees with defendants' argument that Virginia does not recognize a cause of action for negligent prosecution or grossly negligent prosecution.

## Defamation

Relying on settled law that a defamation claim must set forth the exact words used that are alleged to be defamatory, Defendants request a bill of particulars. *See Federal Land Bank v. Birchfield,* 123 Va. 200, 215, 3 S.E.2d 405, 410 (1939). They also seek identification of the unknown parties who Plaintiff has alleged to have uttered defamatory statements alleged as "Does." Such information, as well as the time and place, may be stated in a bill of particulars. *Id.*

For the foregoing reasons, the defendants' Demurrer is sustained and motion for bill of particulars granted. Plaintiff shall have fifteen days from September 1, 2005, to file an amended pleading and to file a Bill of Particulars regarding the defamation claim. Defendants shall have fifteen days in which to file responsive pleadings.